IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER CEO, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 07-03177 |
| | : | |
| v. | : | |
| | : | |
| EDWARD KLEM, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER AND MEMORANDUM**

AND NOW, this 23rd day of August, 2007, upon consideration of Petitioner Walter Ceo's "Motion for Relief from Judgment Pursuant to Rule 60(b), Fed. R. Civ. P." (Docket No. 1), it is hereby ORDERED that the aforesaid motion is DENIED for the reasons that follow. The issues raised and determined by the court are whether Petitioner's motion constitutes a second or successive habeas petition and whether relief may issue under Rule 60(b) of the Federal Rules of Civil Procedure. The court finds that Petitioner's motion is not a second or successive petition because it does not challenge the court's resolution of a claim on the merits, but that Petitioner does not qualify for relief under Rule 60(b) for legal error.

The procedural history of this matter is described in detail in Magistrate Judge Thomas J. Reuter's Report and Recommendation, which was adopted by this court in the assigned related case, Ceo v. Klem, No. 04-cv-3291 (JTG) (E.D. Pa. Jan. 20, 2006), and will not be reiterated here. The Report and Recommendation in 04-cv-3291 is hereby incorporated by reference.

On July 16, 2007, Petitioner filed the present motion seeking relief from this court's order entered January 20, 2006 in the related case, 04-cv-3291, in which the court adopted the Report

and Recommendation, dismissed Petitioner's habeas petition under 28 U.S.C. § 2254 as barred by the applicable statute of limitations, and denied the issuance of a certificate of appealability. The Third Circuit Court of Appeals affirmed this court's order on July 24, 2006.

Petitioner seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] He argues (1) that the court erred in finding that "the petition is time-barred where he [sic] AEDPA statute of limitation was tolled between May 25, 2001 and February 24, 2004, the time during which Petitioner's properly filed PCRA petition was pending in the Pennsylvania State Courts" and (2) that depriving Petitioner of "appellate or post-conviction scrutiny" of his conviction and sentence would result in "a miscarriage of justice." (Pet'r Mot. for Relief from J. Pursuant to R. 60(b) ¶ 11.)

The habeas restrictions under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. 2244(b), including requirements barring second or successive petitions, apply to habeas corpus proceedings under 28 U.S.C. § 2254. Gonzalez v. Crosby, 545 U.S. 524, 529-532 (2005). Rule 60(b) cannot be used to circumvent AEDPA's restrictions against second or successive petitions. Id. at 531-32. A Rule 60(b) motion that attacks "the substance of the federal court's resolution of a claim on the merits" is considered to be a second or successive

---

[1] Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

petition.  Id. at 532.  Where a Rule 60(b) motion, however, attacks "some defect in the integrity of the federal habeas proceedings," such as a prior denial on AEDPA statute of limitations grounds, it is not considered a second or successive petition and a court may consider whether relief under Rule 60(b) is appropriate.  Id. at 532 & n.4, 533, 535-36.  Because Petitioner's Rule 60(b) motion challenges only this court's prior ruling on the AEDPA statute of limitations, it is not a second or successive petition.  See id.  The court may consider the instant motion.

The grant or denial of relief under Rule 60(b) rests in the discretion of the trial court. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959).  Petitioner has not identified under which section of Rule 60(b) he seeks relief.  Because Petitioner's motion focuses on this court's error in applying the statute of limitations, (Pet'r Mot. for Relief ¶¶ 11-12), it is reasonable to conclude that he seeks relief pursuant to Rule 60(b)(1) on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Because Petitioner's precise intent is unclear, however, the court also considers any relief sought under the catch-all provision of Rule 60(b)(6).

Although on its face Petitioner's motion challenges the court's "finding of fact that the petition is time-barred," (Pet'r Mot. for Relief ¶ 11(a)), the motion instead takes issue with this court's application of the law to the facts.  Petitioner does not raise new factual allegations or point to mistakes of fact in his motion.  The facts surrounding the procedural history of the case, and necessary for the calculation of the statute of limitations, as presented in Petitioner's motion do not differ materially from those presented in the Report and Recommendation.  The court therefore concludes that the basis of Petitioner's Rule 60(b) motion is legal error.

"[A] Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion."  Smith v. Evans, 853 F.2d 155, 158

(3d Cir. 1988); see United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Although it appears that the Third Circuit has not ruled squarely on the issue, a panel has indicated in an unpublished opinion that legal error may be raised under Rule 60(b)(1) if a motion is made before the expiration of time to appeal, so that rules governing time limitations for appeal, under Fed. R. App. P. 4(a), and on motions to alter or amend judgments, under Fed. R. Civ. P. 59(e), are not vitiated. James v. V.I. Water & Power Auth., 199 Fed. Appx. 397, 401 (3d Cir. 2005) (unpublished) (interpreting Page v. Schweiker, 786 F.2d 150, 154-55 (3d Cir. 1986) and finding that relief sought under Rule 60(b)(1) for legal error was not available because the motion was filed after the expiration of the appeals period).

"Relief under Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances." Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (quotations and citations omitted). The Third Circuit has unequivocally held that because "legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted).

Petitioner filed the present motion after the expiration of the appeals period, and indeed after the Third Circuit affirmed the court's denial of his habeas petition as time-barred. He is therefore foreclosed from relief under Rule 60(b)(1) because of legal error.

Even if Petitioner were permitted to file for relief under Rule 60(b)(1) after the expiration of the appeals period, Petitioner has not presented additional, compelling arguments beyond legal error as grounds for justifying relief under Rule 60(b)(1) or (b)(6). Nor has he presented any arguments or evidence regarding "extraordinary circumstances" to justify relief under Rule 60(b)(6). The court rejects Petitioner's argument that a "miscarriage of justice" would result if

the court's prior order is not reversed because Petitioner was afforded fully the opportunity to challenge his conviction and sentence but failed to meet the requirements under AEDPA. Petitioner may not use Rule 60(b) as a substitute for appeal. Relief based on legal error cannot be granted here under either 60(b)(1) or 60(b)(6).

Furthermore, the court concludes that its adoption of the Report and Recommendation and the denial of the habeas petition as time-barred were not in error. However, even assuming for the sake of argument that, as Petitioner incorrectly argues, the AEDPA statute of limitations began running on May 3, 2001 when Petitioner claims he discovered the Pennsylvania Superior Court's July 14, 2000 dismissal of his direct appeal, his habeas petition would still be time-barred.

Although Petitioner argues that his fourth petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., filed on May 25, 2001, tolled the statute of limitations, he ignores the rule that "when a Pennsylvania court holds that a petition for collateral relief is untimely, it is not properly filed under AEDPA" and thus does not toll the AEDPA statute of limitations. Pridgen, 380 F.3d at 728-29 (citing Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003)); see Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). As stated in the Report and Recommendation, the PCRA court dismissed the fourth petition as untimely, and although the Pennsylvania Superior Court found the petition to be timely, the Pennsylvania Supreme Court reversed the Superior Court's order. Commonwealth v. Ceo, No. 652 EAL 2002 (Pa. Feb. 24, 2004). Because the Pennsylvania Supreme Court found that Petitioner's fourth PCRA petition was

untimely, it is not properly filed under AEDPA and does not toll the statute of limitations.  See Pace, 544 U.S. at 417; Pridgen, 380 F.3d at 728-29.  Thus, Petitioner's habeas petition, filed pro se on July 13, 2004, was filed several years late based on Petitioner's own calculation of the running of the limitations period, and over six years late as correctly stated in the Report and Recommendation.

For the foregoing reasons, Petitioner's "Motion for Relief from Judgment Pursuant to Rule 60(b), Fed. R. Civ. P." is DENIED.

BY THE COURT:

S/ James T. Giles
J.